**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence H Hobbs,<br><br>　　　　Plaintiff,<br><br>v.<br><br>William Oppenheimer, et al.,<br><br>　　　　Defendants. | No. CV-22-00540-TUC-JCH<br>(Lead Case)<br><br>**CONSOLIDATED WITH:**<br><br>No. CV-22-00290-TUC-JCH<br>(Consolidated Case)<br><br>**ORDER** |

　Before the Court is pro se Plaintiff's "Motion to Consolidate Cases," pending in Case No. 4:22-cv-00290-JCH ("Case 290") as Doc. 24 but also filed in Case No. 4:22-cv-00540-JCH ("Case 540") as Doc. 20. Plaintiff's Motion is pending in Case 290 because motions to consolidate are decided in the case with the lowest case number. Plaintiff seeks to consolidate Case 290 into Case 540 with leave to file a new "consolidated complaint."

　For the reasons below, the Court will grant Plaintiff's Motion in part and consolidate the cases, using Case 540 as the lead case. Consolidating cases into the higher case number is unusual. But this approach is economical here because both cases are before the undersigned, and the Case 540 complaint is for all practical purposes a consolidated complaint already. The Court thus will also deny Plaintiff's Motion in part as moot because using Case 540 as the lead case avoids the need for a new consolidated complaint.

**I.　Background**

　The procedural history of this case illuminates why consolidation will be granted but leave to amend denied. The cases will be consolidated because the complaints in each

case are identical except for one defendant. But leave to file a consolidated complaint will be denied because one complaint already contains all parties, claims, and facts presented in each case. Leave to file a consolidated complaint is also denied because granting it would essentially ratify Plaintiff's highly unusual actions.

On June 29, 2022, Plaintiff filed the original complaint in Case 290. Case 290, Doc. 1. Plaintiff alleged that Defendant Oppenheimer either hired Plaintiff to work at M3 or offered Plaintiff a job at M3 Engineering & Technology Corporation ("M3"), then sabotaged Plaintiff's subsequent application by telling M3 hiring managers that Plaintiff should not be hired because of Plaintiff's litigious or criminal history. *See generally id.* Plaintiff pled nine claims arising from these facts, including defamation, breach of contract, interference with contract, and fraud. *Id.* The original complaint also included a section titled "Future Claims," in which Plaintiff reserved his right to amend the complaint to include M3. *Id.* at 7–8. On November 10, 2022, the undersigned dismissed most of Plaintiff's Case 290 complaint for failure to state a claim, with leave to amend. Doc. 14.

On December 5, 2022, Plaintiff filed an amended complaint in Case 290 (Doc. 16), and simultaneously filed a nearly identical document as an original complaint in a new lawsuit, Case 540 (Doc. 1).[1] The Case 290 amended complaint and Case 540 complaint are identical except the Case 540 complaint is arranged slightly differently and includes M3 as a named defendant. *Compare, e.g.*, Case 290, Doc. 16 at 4–5, 7, 19, 76–77, 80–81, 88, *with* Case 540, Doc. 1 at 4, 5, 18, 76–77, 81–82, 91. Counsel for Defendants is the same in both cases. *See* dockets generally. Case 540 was randomly assigned to a different district judge in the same Court.

On January 3, 2023, counsel for Defendants filed a motion to dismiss in Case 290 (Doc. 20), and the following week filed another motion to dismiss in Case 540 (Doc. 8). Plaintiff then filed identical motions to extend the response deadline in both cases (Case 290, Doc. 23; Case 540, Doc. 19), and identical motions to consolidate. Case 290, Doc. 24;

---

[1] Though filed simultaneously, the Case 540 complaint was signed two days before the Case 290 amended complaint. *Compare* Case 290 Doc. 16 at 1, 88 (signed November 30, 2022), *with* Case 540 Doc. 1 at 1, 91 (signed November 28, 2022).

Case 540, Doc. 20. Defendants responded. Case 290, Doc. 25; Case 540, Doc. 21. Shortly after, Case 540 was transferred to the undersigned. *See* Case 540, Doc. 22.

Plaintiff seeks to consolidate Case 290 into Case 540 under Federal Rule of Civil Procedure 42 because "the facts underlying the cases are identical" and "the only distinction is one party, [the] business entity [M3]." Case 290, Doc. 24 at 5; Case 540, Doc. 20 at 5. Plaintiff also seeks leave "to submit a 'Consolidated Complaint.'" Case 290, Doc. 24 at 6; Case 540, Doc. 20 at 6. Plaintiff does not explain why a consolidated complaint is necessary under the circumstances. *See id.* Defendants object that permitting Plaintiff to consolidate cases and amend his complaint would prejudice them because they have already filed motions to dismiss in each case. *See* Case 290, Doc. 25 at 2; Case 540, Doc. 21 at 2. Defendants argue in the alternative that if the Court permits consolidation, the Case 540 complaint and related motion to dismiss "should apply to the consolidated cases" because the Case 540 complaint "completely subsumes" the Case 290 amended complaint. *See* Case 290, Doc. 25 at 2; Case 540, Doc. 21 at 2.

## II.    Legal Standard

Federal Rule of Civil Procedure 42(a) allows a court to consolidate cases "[i]f the actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a). District courts "enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).

Local Rule of Civil Procedure 42.1(a) allows transfer or consolidation if the cases:

> (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark or copyright; (4) call for determination of substantially the same questions of law; or (5) … [remaining unconsolidated] would entail substantial duplication of labor if heard by different Judges.

The Local Rules continue that the "motion [to consolidate] will be heard and decided . . . in the case with the lowest case number[.]" LRCiv. 42.1(b). If granted, the Court considers the following to determine "the Judge to whom the case or cases will be assigned: (1) whether substantive matters have been considered in a case; (2) which Judge has the most familiarity with the issues involved in the cases;  (3) whether a case is reasonably viewed

as the lead or principal case; or (4) any other factor serving the interest of judicial economy." LRCiv 42.1(d).

**III.   Analysis**

The Court will grant in part Plaintiff's motion to consolidate because Case 290 and Case 540 are identical except for Defendant M3 in Case 540. But the Court will also deny in part because a new consolidated complaint is inappropriate under the circumstances.

### A. Consolidation of Case 290 and Case 540 is appropriate because they are identical except for Defendant M3 in Case 540.

The Court will grant Plaintiff's Motion in part because the consolidation factors all weigh in favor of granting consolidation. The cases arise from the same transaction or event because the complaints are identical except for Defendant M3 in Case 540. The cases involve substantially the same parties because the parties are identical except for Defendant M3 in Case 540. The cases call for determination of substantially the same questions of law because the complaints are identical except for Defendant M3 in Case 540. Finally, consolidation denial could lead to a substantial duplication of labor because the cases are identical except for Defendant M3 in Case 540. Consolidation would not produce any inconvenience, expense, or delay because Case 290 and Case 540 are in the same, early-stage posture. Ordinarily, the Court would consolidate Case 540 into the lead Case 290, grant leave to file a new, consolidated complaint, and dismiss any pending motions to dismiss without prejudice. But this is not an ordinary case.

### B. A new, consolidated complaint is inappropriate because the Case 540 complaint already contains everything in the Case 290 complaint.

The Court will deny Plaintiff's Motion in part as moot because the Case 540 complaint is for practical purposes a consolidated complaint already. That is, the Case 540 complaint already contains the parties, claims, and facts alleged in Case 290. The only issue, then, is that typically the older case is the lead case, and the newer case is consolidated into the lead case. But looking to the local rules governing consolidation, the Court determines that it has discretion to decide which case is the lead case and which case is the consolidated case. Both cases are already before the undersigned, so the only relevant

factors are which case can be "reasonably viewed" as the lead case, and any other factor serving judicial economy. Either Case 290 or Case 540 could be reasonably viewed as the lead case because the two cases have nearly identical complaints and are in nearly identical, early-stage posture with the same Plaintiff and the same counsel for Defendants. As the older case, Case 290 has more filings, including a first amended complaint. But nothing in Case 290 is lost by using Case 540 as the lead. The dispositive factor, then, is judicial economy.

Judicial economy is served by designating Case 540 as the lead case. The Case 540 complaint is for all practical purposes a consolidated complaint containing every party, claim, and fact presented in the Case 290 amended complaint. Both parties appear to recognize that. Plaintiff himself asks to consolidate Case 290 into Case 540.[2] Defendants also ask to use the Case 540 complaint as the single, controlling complaint. The only issue is whether Plaintiff should be allowed to file a new "consolidated complaint." The Court sees no reason to allow a new complaint because the Case 540 complaint already consolidates the parties, claims, and facts of both actions. Plaintiff's actions also tend to recommend against leave to amend. Plaintiff may not circumvent the Court's deadlines and Defendants' motions to dismiss by filing a nearly identical action. Finally, designating Case 290 as the lead case rather than Case 540 would create a host of issues how to transplant the Case 540 amended complaint (and attendant motion to dismiss) into Case 290. For all those reasons, judicial economy is served by designating Case 540 as the lead case.

## IV.   Order

For the reasons above,

**IT IS ORDERED GRANTING IN PART** Plaintiff's "Motion to Consolidate Cases" (Doc. 24). The Clerk of the Court shall consolidate Case No. 4:22-cv-00290-JCH with Case No. 4:22-cv-00540-JCH. All future filings shall bear case number 4:22-cv-00540-JCH as the lead case and be submitted in substantially the same format as the caption of this order. All future filings related to these cases shall be filed in Case No. 4:22-cv-

---

[2] Admittedly, Plaintiff may have thought this approach would put him before a new Judge.

00540-JCH. The following pending motions in consolidated Case No. 4:22-cv-00290-JCH are denied without prejudice: "Second Motion to Dismiss" (Doc. 20); "Second Motion for Extension of Time" (Doc. 23);

**IT IS FURTHER ORDERED DENYING IN PART AS MOOT** Plaintiff's "Motion to Consolidate Cases" (Doc. 24). Plaintiff may not file an amended, "consolidated complaint" because the lead Case No. 4:22-cv-00540-JCH complaint already states the consolidated parties, claims, and facts in both lead Case No. 4:22-cv-00540-JCH and consolidated Case No. 4:22-cv-00290-JCH;

**IT IS FURTHER ORDERED** that for purposes of clarifying the record, the Clerk of the Court shall file a copy of this Order both in lead Case No. 4:22-cv-00540-JCH and in consolidated Case No. 4:22-cv-00290-JCH. However, the Order in consolidated Case No. 4:22-cv-00290-JCH controls only to dispose of Plaintiff's "Motion to Consolidate" (Doc. 24) and the other motions pending there. The Order in lead Case No. 4:22-cv-00540-JCH controls in all other respects. No further filings shall be submitted in consolidated Case No. 4:22-cv-00290-JCH.

Dated this 9th day of February, 2023.

_____
Honorable John C. Hinderaker
United States District Judge